IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOARD OF TRUSTEES OF THE
ANTON CHICO LAND GRANT,

      Plaintiff,

v.                                                      No. 1:24-cv-01249-MIS-KK

VERONICA ZAMBRANO,
MARCELLA SIERRA and
ROBERT SIERRA,

      Defendants.

**ORDER DENYING MOTIONS TO DISQUALIFY JUDGES**

**THIS MATTER** comes before the Court on *pro se* Defendant Robert Sierra's Motion to Excuse New Mexico Magistrate Judge Kirtan Khalsa and Request for Out-of-State Federal Judge Assignment due to Systemic Judicial Bias and Violations of Property Rights Under the Treaty of Guadalupe Hidalgo, Doc. 6, filed December 17, 2024 ("Motion to Disqualify Judge Khalsa"), and Defendant Robert Sierra's Ammended [sic] Motion to Excuse New Mexico Magistrate Judge Jennifer M. Roz[zo]ni and Request for Out-of-State Federal Judge Assignment due to Systemic Judicial Bias and Violations of Property Rights Under the Treaty of Guadalupe Hidalgo, Doc. 7, filed December 18, 2024 ("Motion to Disqualify Judge Rozzoni").

Plaintiff seeks disqualification of the undersigned and the appointment of "an out-of-state federal judge with no ties to New Mexico's judicial or political establishment" "due to overwhelming evidence of New Mexico judicial bias, conflicts of interest, systemic corruption, and documented violations of the constitutional and property rights of the heirs of the Anton Chico Land Grant."  Motion to Disqualify Judge Khalsa at 1, 8.  Plaintiff seeks disqualification pursuant

to 28 U.S.C. § 455, which requires a Judge to recuse herself in any proceeding in which her impartiality might reasonably be questioned, and 28 U.S.C. § 144 which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The Court denies Plaintiff's request for disqualification of the undersigned and the appointment of an out-of-state United States Judge. "Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017).

> [F]ederal law instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This [recusal] requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see id.* ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."); *see also* Charles Gardner Geyh & Kris Markarian, Judicial Disqualification: An Analysis of Federal Law, § II.B.1.A, at 20 (3d ed. 2020) ("Section 455(a) makes clear that judges should apply an objective standard in determining whether to disqualify."). "In other words, a judge's subjective state of mind is irrelevant; what matters is whether 'the public might reasonably believe that [the judge] *knew*' of 'facts creating an

> appearance of impropriety.'" *Wells*, 873 F.3d at 1251 (alteration in original) (emphasis added) (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).
>
> "In applying the [objective] test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."
> . . . .
>
> "In conducting this review, we must ask how these facts would appear to a *well-informed*, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Mathis*, 787 F.3d at 1310 (emphasis added) (quoting *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). And courts must take into account that "cases within § 455(a) are extremely fact driven 'and must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.'" *Nichols*, 71 F.3d at 351 (alteration in original) (quoting *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)); *accord Wells*, 873 F.3d at 1251.

*United States v. Martinez*, 92 F.4th 1213, 1255-56 (10th Cir. 2024) (emphasis in original); *United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit").

Plaintiff has not set forth any factual grounds that would cause a reasonable, objective person, knowing all the relevant facts, to question the impartiality of the undersigned or the other United States Judges for the District of New Mexico. Plaintiff's statement that there is "overwhelming evidence of New Mexico judicial bias, conflicts of interest, systemic corruption, and documented violations of the constitutional and property rights of the heirs of the Anton Chico Land Grant," is not sufficient to warrant disqualification of the undersigned or the other United States Judges for the District of New Mexico. *See Martinez*, 92 F.4th at 1255 ("The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom . . . the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue"). Furthermore, Plaintiff has not filed an affidavit, as required by 28 U.S.C. § 144, stating the facts and reasons for

Plaintiff's belief that the undersigned has a bias or prejudice against Plaintiff or in favor of any adverse party.

The Court denies Plaintiff's Motion to Disqualify Judge Rozzoni as moot because this case has been reassigned to United States District Judge Margaret I. Strickland; Judge Rozzoni is no longer assigned to this case.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

4

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)  Defendant Robert Sierra's Motion to Excuse New Mexico Magistrate Judge Kirtan Khalsa and Request for Out-of-State Federal Judge Assignment due to Systemic Judicial Bias and Violations of Property Rights Under the Treaty of Guadalupe Hidalgo, Doc. 6, filed December 17, 2024, is **DENIED.**

(ii)  Defendant Robert Sierra's Amended Motion to Excuse New Mexico Magistrate Judge Jennifer M. Roz[zo]ni and Request for Out-of-State Federal Judge Assignment due to Systemic Judicial Bias and Violations of Property Rights Under the Treaty of Guadalupe Hidalgo, Doc. 7, filed December 18, 2024, is **DENIED.**

*/s/ Kirtan Khalsa*
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**