IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOARD OF TRUSTEES OF THE
ANTON CHICO LAND GRANT,

      Plaintiff,

v.                                                                    No. 1:24-cv-01249-SMD-KK

MARCELLA SIERRA,
ROBERT SIERRA and
VERONICA ZAMBRANO,

      Defendants.

## ORDER OF REMAND

Defendant Robert Sierra, who is proceeding *pro se*, removed the case *Board of Trustees of the Anton Chico Land Grant v. Marcella Sierra et al.*, No. D-424-CV-2023-00049, from the Fourth Judicial District Court, Guadalupe County, State of New Mexico. *See* Notice of Removal, Doc. 1, filed December 12, 2024.

Plaintiff Board of Trustees of the Anton Chico Land Grant asks the Court to: (i) remand this case to state court; (ii) award attorney fees; (iii) dismiss this case; (iv) issue an order staying the remaining deadlines in the state court proceedings until the order of remand is filed and to note that all matters that were filed in the record of the state district court between December 13, 2024, until remand are of no legal effect and are stricken from the record; and (v) amend the case caption to reflect the correct parties. *See* Motion to Dismiss Defendant Robert Sierra's Request to Remove Case to Federal Court for Lack of Jurisdiction and other Miscellaneous Relief at 1, 4, Doc. 9, filed December 26, 2024 ("Motion"). Plaintiff timely filed its Motion to remand this case to state court. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal

under section 1446(a)"); Notice of Removal (filed December 12, 2024); Motion (filed December 26, 2024).

**Remand**

Plaintiff argues that Sierra's Notice of Removal is untimely pursuant to 28 U.S.C. § 1446(b)(1) which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

The statute governing the procedure for removal of civil actions also provides for later removal based on documents other than the initial pleading:

> Except as provided in subsection (c) [removal based on diversity of citizenship], if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

The Court grants the Motion to remand this case to the Fourth Judicial District Court, Guadalupe County, State of New Mexico. Robert Sierra's removal is untimely pursuant to 28 U.S.C. § 1446(b)(1). Plaintiff filed its case in state court on July 26, 2023, and served Robert Sierra and the other Defendants with a copy of the summons and complaint in August 2023. *See* Motion at 2. Robert Sierra removed the case on December 12, 2024. The Notice of Removal does not contain any statements indicating that removal was timely pursuant to 28 U.S.C. § 1446(b)(3). *See Baby C v. Price*, 138 Fed.Appx. 81, 83 (10th Cir. 2005) ("The removing party has the burden to demonstrate the appropriateness of removal from state to federal court") (citing *McNutt v.*

*General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). Robert Sierra did not file a response opposing the Motion to remand this case to state court. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion").

**Attorney Fees**

Plaintiff seeks attorney fees pursuant to 28 U.S.C. § 1447(c) which states "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added).

> "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

*Porter Trust v. Rural Water Sewer and Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010).

Robert Sierra's Notice of Removal was untimely pursuant to 28 U.S.C. § 1446(b)(1) which allows for removal within 30 days after receipt of the initial pleading or service of summons. Section 1446(b)(3), however, allows for later removal within 30 days after receipt of a copy of another other paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Plaintiff states "over 290" documents have been filed in state court. Motion at 3. Plaintiff has not shown that there are no other documents which would allow Robert Sierra to remove the case pursuant to Section 1446(b)(3). The Court denies Plaintiff's request for attorney fees incurred as a result of the removal because Plaintiff has not shown that Robert Sierra lacked an objectively reasonable basis for seeking removal.

**Dismissal**

The Court denies Plaintiff's request to dismiss this case because the Court is remanding this case to state court.

**Stay of State Court Proceedings**

The Court denies Plaintiff's request to stay proceedings and to strike documents filed in state court while this case was removed because the Court is remanding this case to state court and because Plaintiff has not cited authority in support of its request.  *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced").

**Caption**

The Notice of Removal indicates Robert Sierra is the sole Plaintiff in the state court case and Defendants are the "Anton Chico Land Grant Board" and several individuals and entities. Notice of Removal at 1.  The complaint filed in state court, which is attached to the Motion, shows that the sole Plaintiff is the Board of Trustees of the Anton Chico Land Grant and Defendants are Marcella Sierra, Robert Sierra and Veronica Zambrano.  *See* Motion at 6.  The Court grants the Plaintiff's request to amend the caption of this case to reflect the correct parties.

**IT IS ORDERED** that the Board of Trustees of the Anton Chico Land Grant's Motion to Dismiss Defendant Robert Sierra's Request to Remove Case to Federal Court for Lack of Jurisdiction and other Miscellaneous Relief, Doc. 9, filed December 26, 2024, is **GRANTED in part and DENIED in part** as discussed above.  This case is **REMANDED** to the Fourth Judicial District Court, Guadalupe County, State of New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**

4